THE WARREN GUARANTEE TITLE & MORTGAGE CO. *v.*
WILLIAMS ET AL.

(Decided January 24, 1928.)

*Mr. Paul E. Kightlinger* and *Messrs. Myers &
Dinsmore,* for plaintiff.

*Messrs. Fillius & Fillius,* for defendant Second
Natl. Bank of Warren, successor in interest to West-
ern Reserve Natl. Bank.

FUNK, J.   On and prior to May 10, 1924, Ivah D.
Williams had certain claims upon the cross-petition
in case No. 45564 in the common pleas court of Sum-
mit county, upon which he expected to recover ap-
proximately $2,200.

On said 10th day of May, 1924, said Williams
executed and delivered to his codefendant, the West-
ern Reserve National Bank, of Warren, Ohio, his
cognovit note in the sum of $2,750, which contained
the following stipulations:

"As collateral security for the due and punctual
payment of the principal and interest of this note,

\* \* \* the undersigned hereby delivers to and deposits with the bank the following property [hereinafter referred to as the 'collateral'] :

"Assignment of all the right, title and interest of the undersigned in and to certain claims now in litigation upon a cross-petition in case No. 45564 upon the docket of the court of common pleas of Summit county, Ohio."

The note also contained other paragraphs not material in this case.

On the same day, in pursuance of said stipulations, said Williams executed and delivered to said bank a written assignment of his interest in said case No. 45564, which, after setting forth, in substance, that he was indebted to the bank in the sum of $2,750, and is a party defendant in said case No. 45564, with an appropriate description of the case and his interest therein, continued as follows:

"(1) That the assignor hereby assigns to the bank as collateral security for the due payment of the above-mentioned indebtedness all his right, title, and interest in and to the aforesaid litigation and the proceeds thereof.

"(2) That in consideration of the premises and for other valuable consideration the assignor hereby irrevocably appoints the bank his agent to collect all amounts owing to the assignor from the said Charles Graefe and the said John H. Schiller, or either of them."

The litigation in said case No. 45564 proceeded in the name of said Williams, and a judgment was recovered in his favor, on which there is now due $3,260.70, and there is money in the hands of one

Geo. H. Ellis, as receiver in said case, for the purpose of paying that judgment.

On July 19, 1926, said receiver was ordered by the court in said action to pay such sum to said Williams. On the same day plaintiff, the Warren Guarrantee Title & Mortgage Company, commenced this action in attachment, and also on the same day had process served upon said receiver, as garnishee, at the time he was about to deliver his check, payable to said Williams, to one Hyde, as his attorney.

No notice of any kind whatsoever of the assignment of said claim to said bank was served upon this plaintiff or any one connected with the litigation in said cause No. 45564, nor was any record of it ever entered upon the docket, or among the files and papers in said cause No. 45564, prior to July 21, 1926, being two days after the writ of attachment was served upon said receiver as garnishee. Said sum of $3,260.70 is now in the possession of said receiver, awaiting the determination of this case.

These facts present this question:

Is the assignment of all one's interest in a claim, as set forth in a cross-petition in a pending suit, which claim is afterwards reduced to judgment in favor of the assignor, valid as against the claim of a creditor of the assignor attaching said judgment funds in the hands of the judgment debtor, where the assignment is prior in point of time to the attachment, and notice of the assignment is given to both the attaching creditor and the judgment debtor before the judgment fund is paid out, but after the service of process in the attachment proceedings, and where the assignment was not filed for record or noted upon the appearance docket prior to the attachment, and the assignee was not substituted in

said litigation for the assignor, or in any way made a party to said litigation, but permitted said assignor to continue and obtain judgment in his own name and proceed to collect the same? In other words, which has the prior claim on said fund—the assignee or the attaching creditor?

It is contended by counsel for plaintiff that, said assignment having been taken as collateral security for the payment of a note, the relation of pledgor and pledgee existed between the bank and Williams, and that the bank having remained passive, and not having done what it could to make said assignment effective, as against third persons, by being made a party to said litigation, and being substituted for said Williams, or by having the assignment entered or noted on the appearance docket, the bank thus substantially abandoned the assignment and lost any lien it may have had on the interest of Williams in said suit and judgment, and that the claim of plaintiff mortgage company, as an attaching creditor, is therefore superior to that of the bank.

It is contended by counsel for the bank that the assignment by Williams to the bank of his interest in said case No. 45594 is in the nature of an equitable assignment, and has priority over the attempted attachment by plaintiff, and that the fact that the bank had not notified the judgment debtor, or had the assignment noted on the docket in said case, or had itself made a party to said litigation, is immaterial as between it and the plaintiff.

The text-writers and courts, in commenting on what choses in action may be pledged, refer to and mention only negotiable instruments, warehouse receipts, insurance policies, certificates of stock, treasury certificates, and the like, which are of a

character that are represented by some instrument in writing capable of being delivered, which instrument is in itself that which entitles the holder to the benefits or proceeds of what it represents. Such choses as a pending suit or a judgment are not represented by any such instrument and can be transferred only by assignment. We have found no case or text in which an interest in a pending suit is designated as a pledge, or classed with choses in action that are the subject of a pledge; on the contrary they are, and are universally, referred to as being assigned.

From the uncontroverted facts in this case, we are of the opinion that the transfer to the bank was in the nature of an equitable assignment, and was not a pledge.

In some states there are statutes requiring that the assignment of a judgment must be entered on the docket to make it valid as against third persons. There being no such statute in Ohio, the entering of the assignment on the appearance docket could have been of no effect on the rights of plaintiff, and would not have been binding even as against the receiver if he had paid Williams without actual notice of the assignment, upon the principle that the unauthorized recording of an instrument is not constructive notice of such instrument to any one. *Miller* v. *B. & O. Rd. Co.*, 60 Ohio St., 374, 54 N. E., 369; *Satchell* v. *Doram*, 4 Ohio St., 542; *Ramsey* v. *Riley*, 13 Ohio, 157, at page 166; *City of Cincinnati* v. *Gwynne*, 10 Ohio, 192.

It is not claimed that this assignment was not good as between the parties. The mere entering of it upon the appearance docket could not have made it any more binding as between Williams and the bank,

and, as above stated, could have been of no benefit to the plaintiff mortgage company.

If the bank had been made a party to said litigation, and had been substituted for Williams therein by a proper pleading and order of court, it would have been notice to the world that the interest of said Williams in said litigation was assigned to the bank; but it would not have made the assignment any more binding as between said Williams and the bank, and as the element of having parted with something, or having given credit to said Williams on the strength of his having an interest in said litigation, is not claimed in this case, the mere notice to this plaintiff of the assignment to the bank was not essential to the rights of the bank in the judgment and could have no effect on the rights of the bank or this plaintiff in the judgment.

The rights of an attaching creditor do not stand upon the same ground as do those of an innocent purchaser. The rights of the former are based upon the exercise of a legal right to obtain something belonging to a debtor to pay for an obligation already in existence, while the rights of the latter are based upon parting with something for something in return, and arise in contract. Hence the right of priority as between two innocent purchasers or assignees of a judgment is based upon an entirely different principle than the right of priority as between the assignee of a judgment, in good faith, for value, and an attaching creditor. The rule of priority as between innocent purchasers or assignees is not universal, and varies in the several states, while the rule as between an assignee, in good faith, for value, and an attaching creditor seems to be well established in substantially all the states, and is that the

lien of an attaching creditor, or a levy of execution, attaches only to the real interest of the judgment debtor, whatever it may be, without regard to what his apparent interest may be, and that such lien is subject to all bona fide equities, though secret or latent.

This rule is based upon the theory that the attaching creditor can acquire no greater rights in the property of the judgment debtor than the latter himself has, and, if he has none in fact, no lien can attach. 2 Freeman on Executions (3d Ed.), Section 195; 15 Ruling Case Law, subject, "Judgments," p. 798, Section 255; 2 Freeman on Judgments (5th Ed.), p. 1994, Section 950.

This rule seems to be followed even in some of those states in which there are statutory requirements that the assignment of a judgment must be entered upon the docket to make it valid as against third persons. *Smith* v. *Texas & P. Ry. Co.* (Tex. Civ. App.), 39 S. W., 969, at pages 971, 972.

This is also the settled rule in Ohio. *Hulshoff* v. *Bowman*, 19 C. C., 554, 10 C. D., 343; *Tousley* v. *Tousley*, 5 Ohio St., 78; *Miller* v. *Albright*, 60 Ohio St., 48, 53 N. E., 490.

We are therefore of the opinion that the bank, having notified the receiver of the assignment to it and made demand therefor while the fund remained in his hands, and before it had been paid out to said Williams or the attaching creditor, has priority and is entitled to the fund.

A decree may be drawn in accordance with this conclusion.

*Decree accordingly.*

WASHBURN, P. J., and PARDEE, J., concur.