THE KITTINGER WITT CO. *v.* BROOKINS ET AL.

(Decided October 7, 1929.)

*Mr. George E. Beach,* for plaintiff.
*Messrs. Howell, Roberts & Duncan,* for defendants.

LEVINE, J. The case comes into this court on appeal from the common pleas court. The petition is in the nature of a creditor's bill, seeking to subject to the payment of a certain judgment various properties belonging to the defendants.

It appears that the Kittinger Witt Company obtained a judgment in the common pleas court against

the defendants Charles S. Brookins and William B. Chapman, upon a claim which arose under a building contract between the Kittinger Witt Company, who were builders, and the defendants, who were the owners of a leasehold estate upon which the building was erected.

The creditor's bill seeks to subject certain properties alleged to be owned by the defendants to the payment of said judgment. The case narrows down to two items of property: (1) A stock of electric fixtures located in a store which was operated by Charles S. Brookins and William B. Chapman; (2) a claim for personal injuries asserted by Mr. Brookins against the estate of one Eastabrook. This claim for personal injuries has since the commencement of the creditor's bill been reduced to a liquidated form, and the amount payable is $2,500, which is being held in escrow awaiting the outcome of this suit to determine to whom the money shall be paid.

It appears that about May 3, 1927, Charles S. Brookins and William B. Chapman had formed a partnership under the name of Brookins & Chapman, and desired to purchase at a receiver's sale a stock of electric fixtures which were to be sold by the receiver of the Brookins Company. In order to finance this purchase, Brookins & Chapman, partners, applied to one Mr. Judkins for a loan of $2,000 with which to purchase this stock, which is the same stock involved in this litigation. Mr. Judkins made the loan, and, as security for the payment of the loan, there were assigned to him, first, the stock of electric fixtures so purchased, and, second, Mr. Brookins assigned to him as further security his

claim for personal injuries which he asserted against the Eastabrook estate. The matter ran along until some time in the month of August, 1927, when Brookins & Chapman were not able to meet the note. Mr. Judkins did not want to carry it any longer himself, so an arrangement was made through Mr. Judkins with Mr. Slemmons, a banker, to take over the note. Before Mr. Slemmons would consent to take the note, it became necessary for Judkins to guarantee the payment of it, which he did, and in addition Brookins & Chapman executed a further instrument in which they agreed that the assignment heretofore made to Judkins of the stock of electric fixtures, and the personal injury claim, should remain and continue in force to protect Judkins against liability as guarantor.

The matter ran along for a further period until about April 10, 1928, Brookins & Chapman were still unable to meet the note and desired further extension of time. In order to secure that extension of time, they executed a chattel mortgage on the same fixtures direct to Mr. Slemmons. The mortgage was executed with all legal formalities, except that Mr. Slemmons did not place it on record.

When the note was not paid on the date to which it was extended, about June 9, 1928, Mr. Slemmons, acting under the provisions of the mortgage which gave him the right to take possession of the property and to sell it and apply it, took possession of this stock of electric fixtures, and was in possession of it at the time this creditor's bill was filed, plus an application for a receiver.

After a preliminary hearing, the court decided

that the best way to work out the rights of the parties was to put the stock of electric fixtures into the hands of a receiver until the rights of the parties could be determined, which was accordingly done, and the receiver took possession of the electric fixtures.

In so far as the electric fixtures are concerned, it is clear to us that under the assignment made by the partners, Brookins & Chapman, to Judkins, and the unrecorded chattel mortgage to Slemmons, the same having been made prior to the commencement of the suit in the nature of a creditor's bill, Judkins and Slemmons have a prior lien on these assets. As to the assignment by Brookins to Judkins of his claim for personal injuries against the Eastabrook estate, it is asserted by the plaintiff that no prior right was acquired by Judkins, for the reason that no notice has ever been formally served upon the Eastabrook estate of said assignment. In our opinion, the failure to serve notice does not destroy the rights acquired by Judkins by virtue of said assignment.

In the case of *Warren Guarantee Co.* v. *Williams,* 27 Ohio App., 505, 161 N. E., 551, the court held:

"The assignment, in good faith, for value, of an interest in a pending suit, which suit proceeds to judgment in the name of the assignor, is valid as against an attaching creditor, where the assignment is made prior to the time of the attachment, although no notice of the assignment is given to the judgment debtor or attaching creditor prior to the service of the attachment, but is given before the judgment is paid."

Both Judkins and Slemmons filed their cross-petitions, and in our opinion their priority over the two items involved in this litigation is fully established.

Mr. Frank Gentsch, who was the attorney for Brookins in his personal injury claim against the Eastabrook estate, asserts his claim against the fund to the extent of one-half of the amount of $2,500; this being due him, he asserts, under his contract of employment as attorney for Brookins. The claim of Mr. Gentsch is not seriously opposed. We hold that the sum of $1,250 shall be paid to Mr. Frank Gentsch.

The receiver appointed in this case to take possession of the fixtures is, in our opinion, entitled to compensation, and the exact amount of compensation will be determined when the receiver makes his application for allowance of same.

*Decree accordingly.*

VICKERY, P. J., and SULLIVAN, J., concur.