## Levin v. George Fraam & Sons, Inc.
## Case No. 89CA004564
## Lorain County, (9th)
Decided January 10, 1990
[Cite as 1 AOA 360]

*Arnold S. Levin, Attorney at Law, 216 Seventh St., Lorain OH 44052 for Plaintiffs.*

*James N. Taylor, Attorney at Law, 904 Lorain County Bank Bldg., Elyria, OH 44035 for Defendants.*

BAIRD, J.

This cause came before the court upon the appeal of Donald W. Dunham and Elizabeth Dunham from the summary judgment entered for the Marc Amy estate, for Frank K. Levin and for Arnold S. Levin on March 30, 1989, and from the modified judgment entered on April 27, 1989. Robert Levin as trustee for the Marc Amy trust, Frank K. Levin as trustee and in his individual capacity, and Arnold S. Levin also appeal, but only from the April 27th judgment entry. We reverse.

The trustees of the Marc Amy trust, Frank K. Levin and Arnold S. Levin (the plaintiffs), entered into a land installment contract with George Fraam and Sons, Inc. (Fraam Inc.) to sell certain real estate located in the City of Sheffield Lake. On October 1, 1985, the plaintiffs filed a three-count complaint against Fraam Inc. and two other parties. In count one of the complaint, the plaintiffs claimed that Fraam Inc. breached the installment contract by failing to pay in accordance with the schedule set forth in the contract and by failing to pay the taxes and assessments due on the real estate. The plaintiffs demanded a money judgment in the sum of $26,145.49 to be divided among them. The plaintiffs also demanded that the property subject to the contract be foreclosed to satisfy the judgment.

In the second count of the complaint, the plaintiffs alleged that Fraam Inc. sold a restaurant and liquor business to a third party in violation of the Bulk Sales Act. Pursuant to count two, the plaintiffs prayed for a lien to be placed upon the assets of the business and that the third party be enjoined from transferring or encumbering the assets of the restaurant business. Their demand further stated that if the sale of the property noted in count one was insufficient to pay the judgment, then the assets of the restaurant business should be sold to satisfy the plaintiffs' lien.

Count three, the subject of this appeal, described certain property owned by Fraam Inc. distinct from that noted in the first two counts of the complaint. In this count, the plaintiffs claimed that they were entitled to a lien on the property because of the fraudulent transfer of property that was alleged in count two. No separate cause of action was set forth in the third count as was set forth in each of the other two counts.

Upon the plaintiffs' motion for summary judgment, the trial court ruled in favor of the plaintiffs only on count one of the complaint. The trial court found that Fraam Inc. had breached the installment contract. The trial court ordered the contract cancelled and ordered the property described in count one foreclosed. Prior to the trial court's partial grant of summary judgment but after the filing of the complaint, Fraam Inc. conveyed the property described in count three to Donald and Elizabeth Dunham. The deed to the property was recorded six days before the trial court granted summary judgment.

On August 17, 1987, the plaintiffs filed a supplemental complaint setting forth the transfer of the property from Fraam Inc. to the Dunhams. Further the plaintiffs stated that the *lis pendens* statute applied, thus charging the Dunhams with notice of the pendency of the action and prohibiting them from acquiring any interest in the property. The plaintiffs demanded foreclosure of the property to satisfy the judgment lien that they had acquired by the trial court's grant of partial summary judgment on February 11, 1986.

On October 30, 1987, the trial court awarded the plaintiffs summary judgment against Fraam Inc. and the third-party purchaser on count two and ordered that the restaurant business be foreclosed. The plaintiffs then proceeded to file a motion for summary judgment on the supplemental complaint. The Dunhams responded by filing their own motion for summary judgment.

The trial court ruled in favor of the plaintiffs on March 30, 1989, finding that they had liens on the Dunhams' property in the following amounts:

$11;687.72 - Marc Amy Trust
$ 5,852.69 - Frank K. Levin
$ 5,852.69 - Arnold S. Levin

The trial court dismissed the Dunham's summary judgment motion. The Dunhams then moved for reconsideration of the trial court's decision. In their memorandum attached to their motion, the Dunhams claimed that on May 1, 1986, they assigned the mortgage to the plaintiffs and had been continually paying on that mortgage until it was satisfied on April 27, 1989, in the amount $13,237.90. The Dunhams argued that to allow the plaintiffs to foreclose on the property would constitute double recovery because the plaintiffs have already received the mortgage payments. The trial court proceeded to modify its earlier decision. On April 27, 1989, the court upheld the validity of the lien on the Dunhams' property, but ordered that the plaintiffs could not foreclose on the property because to do so would constitute a double recovery. The plaintiffs and the Dunhams appeal both the original grant of summary judgment and the court's subsequent modification.

### DUNHAMS' ASSIGNMENT OF ERROR

"I. An invocation of the doctrine of lis pendens, pursuant to Ohio Rev. Code Ann. Section 2703.26 (Baldwin 1989), is legally justified only when there is due diligence with prosecution of timely commenced litigation, and where the defendant has the intent to defraud or avoid creditors. When evidence indicates that the lien was put on the subject real estate after complete payment of the sale proceeds to appellees, a summary judgment based on lis pendens is an abuse of discretion.

"II. The doctrine of lis pendens does not apply to real estate purchased by an innocent third party, when appellees received the entire proceeds from the sale of the property in question."

In their two assignments of error, the Dunhams question the trial court's application of the doctrine of *lis pendens* in determining the property rights of the parties. The common law doctrine of *lis pendens* has been codified in R.C. 2703.26 which reads:

"When summons has been served or publication made, the action is pending so as to charge third persons with notice of its pendency. While pending, no interest can be acquired by third persons in the subject of the action, as against the plaintiff's title."

The doctrine protects the plaintiff's interest in the property that is the subject of the litigation between the parties. If while the lawsuit on that property is pending, a third party acquires an interest in the property, that party takes subject to the final outcome of the suit. *Dickerson* v. *Curtin* (1947), 80 Ohio App. 486, 490. Thus, if the trial court awards the plaintiff rights in the property, the plaintiff takes free of any interest acquired by third parties during the lawsuit. *The Foundation S. & L. Co.* v. *Rosenbaum* (1960), 113 Ohio App. 501, 502.

In *Cook* v. *Mozer* (1923), 108 Ohio St. 30, 36, the Supreme Court of Ohio explained the doctrine:

"The general rule is that one not a party to a suit is not affected by the judgment. The exception is that one who acquires an interest in property which is at that time involved in litigation in a court having jurisdiction of the subject-matter and of the person of the one from whom the interests are acquired, from a party to the proceeding, takes subject to the judgment or decree, and is as conclusively bound by the result of the litigation as if he had been a party thereto from the outset. * * *."

The purpose of the doctrine is to preserve the status quo of the interests in the property that is the subject of the litigation until the court renders a final adjudication of the issues arising from that property. *Id.* at 39. In order to invoke the doctrine the following criteria must be met:

"* * * (1) the property must be of a character to be subject to the rule; (2) the court must have jurisdiction both of the person and *res*; and (3) the property or *res* involved must be sufficiently described in the pleadings. It may be added that the litigation must be about some specific thing that must be necessarily affected by the termination of the suit.
"* * *." *Id.* at 37.

All the elements of the doctrine are present in the case at bar except for the last factor mentioned by the *Cook* court, that the property must be necessarily affected by the termination of the suit. It is not sufficient that the property be the source out of which the plaintiff will be compensated. In order for the plaintiff to utilize the doctrine of *lis pendens*, the property that is described for the purpose of invoking *lis pendens* must be at the very essence of the controversy between the litigants.

"* * *If we were to declare every case lis pendens wherein the judgment would be satisfied out of real or personal property, then most cases automatically would be lis pendens, and lis pendens as we have known it would be as extinct as the dodo. To be protected by lis pendens, property must be directly, not indirectly, affected. * * *."

*Domino* v. *Domino* (C.P. 1951), 60 Ohio Law Abs. 484, 489-490.

In *Aveyard* v. *Shelron Enterprises, Inc.*, (Jan. 11, 1985), Montgomery App. No. 8855, unreported, plaintiffs sued defendant corporation for breach of a sales contract. The plaintiffs requested money damages. Subsequent to the filing of the suit, a third party contracted with the defendant to buy the land that was the subject of the original sales contract. Upon discovering the first suit, the third-party purchaser brought a quiet title action against the plaintiffs in the first suit and the corporation. The cases were consolidated. The trial court granted third-party purchaser's quiet title action. The original plaintiffs appealed, complaining that the doctrine of *lis pendens* applied, whereby the third-party purchaser took subject to the plaintiffs' interest. The Montgomery County Court of Appeals noted that, although the original complaint specifically described the property, the prayer for relief was in the form of money damages.

Thus, even if successful payment of the damages could have been derived from the sale of the property, such would only constitute an indirect effect on the property, inadequate for the purpose of triggering the *lis pendens* doctrine. *Id.*

The rationale espoused by the court in *Aveyard* v. *Shelron Enterprises, Inc.*, supra, is particularly apropos to the present case. Our review of the complaint filed against Fraam Inc. reveals that although the plaintiffs describe in count three the property that was sold to the Dunhams, they do not aver any cause of action which directly affects that property. Count one and count two of the complaint state causes of action in contract and commercial sales, respectively. Neither count sought to adjudicate the parties' rights in the property described in count three. Like the suit in *Aveyard*, the present suit originated as a breach of contract action in which the property described in count three would be one of the sources from which the plaintiffs could be compensated. Because the viable causes of action contained in the original complaint did not directly affect the property transferred to the Dunhams, the doctrine of *lis pendens* did not apply to hold their interest in that property in abeyance during the pendency of the lawsuit. See *Stone* v. *Equitable Mtge. Co.* (1927), 25 Ohio App. 382, 387-388. See also 54 Corpus Juris Secundum (1987), 399-401, Lis Pendens, Section 11; 66 Ohio Jurisprudence 3d (1986), 446-447 Lis Pendens, Section 9.

Assuming the doctrine of *lis pendens* does apply, the plaintiffs erroneously attempt to convert this procedural device into a substantive right. The purpose of the doctrine is to keep the subject of the suit, the property, within the aegis of the court until the court enters judgment, thus enabling it to give effect to its judgment. See *Cook* v. *Mozer*, *supra*, at 39. Perhaps a New York appellate court explained the use of the doctrine best when it stated that "Proper administration of the law by the courts require. . .that he [the litigant] must accept the shield which has been given him upon the terms imposed and that he not be permitted to so use the privilege granted that it becomes a sword usable against the owner or possessor of realty." *Israelson* v. *Bradley* (1955), 308 N.Y. 511, 127 N.E. 2d 313, 315.

The notice of *lis pendens* as contained in the pleadings does not of itself give the plaintiff rights in the property superior to those who acquire an interest in the property during the

pendency of the suit. The final judgment rendered by the court ultimately determines the priority of rights in the property. See *Stone* v. *Equitable Mortg. Co., supra,* at 385-86. As so succinctly worded in a Georgia case:

"* * * Lis pendens in itself does not create a lien of any kind. It merely charges the purchaser with notice of the pending action. If the judgment in the pending action does not create a lien on the property, certainly notice of the action will not.* * *."

*Carmichael Title Co.* v. *Yaarab Temple Bldg. Co.* (Ga. 1933), 170 S.E. 294, 299.

Likewise, if the judgment does not cover certain property, then the property is unaffected by the doctrine. *Perry* v. *First Mut. Building and Loan Assn.* (Ga. 1932), 164 S.E. 804, 806.

In the instant case, the judgments awarded on the first two counts of the plaintiff's complaint did not encompass the property sold to the Dunhams. No rights in the property were determined, and therefore the doctrine of *lis pendens* did not cause the property to be subject to the final judgment of the court. The Dunhams purchased the property, free of any interest of the plaintiffs. Their two assignments of error are well taken.

### PLAINTIFF'S ASSIGNMENT OF ERROR I
"The court erred by failing to grant plaintiff's motion for summary judgment of foreclosure of plaintiffs' lien on real estate, which lien was decreed by the court."

The plaintiffs cross-appeal, claiming that the trial court erred when it reconsidered its grant of summary judgment rendered on March 30, 1989. In its grant of summary judgment to the plaintiffs, the trial court determined that the plaintiffs had valid liens on the property sold to the Dunhams. The Dunhams then moved the trial court to reconsider its decision because it had failed to consider one of their arguments. The trial court reconsidered its decision and modified it by journal entry dated April 27, 1989. In its modification, the trial court upheld the validity of the liens on the property, but forbade the plaintiffs from foreclosing on the property. It found that the Dunhams had assigned the property mortgage to the plaintiffs and had made payments on the mortgage until it was satisfied in the amount of $13, 237.90. The court held that it would be inequitable for the plaintiffs to receive the proceeds from the sale of the property when they had already received full payment on the mortgage.

This court holds that the trial court was without authority to reopen its final judgment and to modify it. The Ohio Rules of Civil Procedure provide the exclusive method for vacating a judgment. *Cale Products, Inc.* v. *Orrville Bronze & Alum. Co.* (1982), 8 Ohio App. 3d 375, 378. When the trial court awards summary judgment to a party, the judgment is final and can only be vacated upon the losing party's motion to vacate in conformity with Civ. R. 60(B). See *Dahl* v. *Kelling* (1986), 34 Ohio App. 3d 258, 259.

Although the trial court erred in modifying its decision, the error does not affect the outcome of this appeal. While we sustain this assignment of error for the foregoing reasons, our determination that the court erred in its application of *lis pendens* leads us to reverse the original judgment of the trial court and to enter judgment for the Dunhams.

### PLAINTIFF'S ASSIGNMENT OF ERRORS II
"The court erred in failing to rule on plaintiffs' motion to strike affidavit of Thomas Ursem."

The plaintiffs state on cross-appeal that their second assignment of error is not material and is only set forth in case the Dunhams use the affidavit at issue to support their position. The plaintiffs do not present any arguments in support of this assignment of error. Because the plaintiffs do not discuss this assignment of error, we will decline to discuss it also. The plaintiff's second assignment of error is not well taken. Based upon our disposition of the Dunham's assignment of error, judgment of the trial court is reversed and vacated. Pursuant to App. R. 12, judgment is entered for the Dunhams.

The court finds that there were reasonable grounds for this appeal.

We order that a special mandate issue out of this court, directing the County of Lorain Common Pleas Court to carry this judgment into execution.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E).

CACIOPPO, P. J., QUILLIN, J., Concur.