John M. SHEEHAN, Plaintiff,

v.

MAHONEY CHEVROLET–OLDS, INC. Leo Mahoney, and Michael Mahoney, Defendants.

Shirley M. MAHONEY, Third–Party Plaintiff,

v.

John M. SHEEHAN, Third–Party Defendant.

No. 3:97 CV 0674 AS.

United States District Court, N.D. Indiana, South Bend Division.

Oct. 13, 1998.

Edward P. Benchik, Jones Obenchain Ford Pankow Lewis & Woods, South Bend, IN, for John M. Sheehan.

James A. Masters, Nemeth Feeney and Masters, South Bend, IN, for Mahoney Chevrolet-Olds Inc., Leo J. Mahoney, Shirley M. Mahoney.

Patricia Polis McCrory, A. Donald Wiles, II, Mark W. Pfeiffer, Thomas G. Safley, Harrison and Moberly, Indianapolis, IN, for Michael Mahoney.

## MEMORANDUM AND ORDER

ALLEN SHARP, District Judge.

This cause is before the Court on Third–Party Plaintiff, Shirley Mahoney's Motion for Partial Summary Judgment. The issues were fully briefed and the Court heard oral argument on September 10, 1998. Having considered same, the Court now rules on this motion.

## JURISDICTION

Subject Matter Jurisdiction is premised upon 28 U.S.C. § 1332, diversity. Plaintiff, John M. Sheehan (Sheehan) is a resident of Texas. Defendants Leo and Michael Mahoney (Leo, Michael) are residents of Indiana. Defendant, Mahoney Chevrolet (Dealership), is an Indiana Corporation.

## BACKGROUND

Mahoney Chevrolet is in the business of selling and servicing new and used motor vehicles. Leo and Michael are shareholders of the Dealership. In early 1997, Leo and/or Michael were looking for an investor to add additional capital to the Dealership. They entered into an agreement with Sheehan, whereby he invested $106,000.000 and was employed to manage the Dealership. Additionally, Sheehan was to receive forty-nine percent (49%) of the issued and outstanding shares of common stock in the Dealership. Sheehan claims the Mahoneys breached this agreement, made false representations to induce him to invest in the Dealership, and made false accusations of criminal or unethical conduct. Only the alleged false representations are relevant to the motion currently before the Court. Allegedly, the Mahoneys represented to Sheehan that they owned real property located at 101 Illinois Street and at 301 Roosevelt Street in Walkerton, Indiana. Sheehan purports that had he known differently, he would not have invested in the Dealership. Sheehan claims to have an interest in said real estate due to his contract with Leo and Michael. After Sheehan filed his breach of contract action he filed a *lis pendens* notice against the real estate. As a

result of that action, Shirley Mahoney (defendants' mother), moved to join as a third-party plaintiff. According to her affidavit the property actually is and has been hers. The affidavit states that she has owned most of the property since 1989 and obtained the Walkerton property in 1994. The contract between the Mahoneys and Sheehan that is currently in dispute was signed in 1997. Shirley was never a party to that contract nor was she named in Sheehan's suit against Mahoney. Accordingly, Shirley claims that Sheehan's *lis pendens* is invalid.

### SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; *Russo v. Health, Welfare & Pension Fund, Local 705*, 984 F.2d 762 (7th Cir.1993). A thorough discussion of Rule 56 can be found in a trilogy of cases decided in 1986 by the Supreme Court of the United States.[1] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The initial burden is on the moving party to demonstrate, "with or without supporting affidavits," the absence of a genuine issue of material fact and that judgment as a matter of law should be granted in the moving party's favor. *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548 (quoting Fed.R.Civ.P. 56). A question of material fact is a question which will be outcome determinative of an issue in the case. The Supreme Court has instructed that the facts material in a specific case shall be determined by the substantive law controlling the given case or issue. *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505. Once the

moving party has met the initial burden, the opposing party must "go beyond the pleadings" and "designate 'specific facts shows that there is a genuine [material] issue for trial.'" *Id.* The nonmoving party cannot rest on its pleadings, *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920–21 (7th Cir. 1994); *Hughes v. Joliet Correctional Ctr.*, 931 F.2d 425, 428 (7th Cir.1991), nor may that party rely upon conclusory allegations in affidavits. *Cusson–Cobb v. O'Lessker*, 953 F.2d 1079, 1081 (7th Cir.1992).

During its summary judgment analysis, the court must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Smith v. Fruin*, 28 F.3d 646, 650 (7th Cir.1994), *cert. denied*, 513 U.S. 1083, 115 S.Ct. 735, 130 L.Ed.2d 638 (1995); *Brennan v. Daley*, 929 F.2d 346, 348 (7th Cir.1991), *reh'g denied*, 1993 WL 518446. Applying this standard the Court addresses this motion.

### LIS PENDENS

There is no substantive federal *lis pendens* law. Rather, such actions are governed by Indiana state law, the law in which the property in question is located. *See Duncan v. Farm Credit Bank of St. Louis*, 940 F.2d 1099 (7th Cir.1991). The purpose of a *lis pendens* notice is to provide the machinery whereby a person with an interim claim to property that is not otherwise recorded or perfected may put his claim upon public records, so that third persons dealing with the defendant will have constructive notice of it. IN–ST–ANN 34–1–4–2; *Mid–West Federal Sav. Bank v. Kerlin*, 672 N.E.2d 82 (Ind.Ct. App.1996), *reh'g denied, transfer denied. Lis pendens* means, literally, that there is a "pending suit" affecting the right, title or interest in the property in question. BLACK'S LAW DICTIONARY 932 (6th ed.1990).

Sheehan asserts that his claim against Mahoney affects the property located

---

**1.** The 1986 Supreme Court trilogy was later reexamined in *Eastman Kodak v. Image Technical Servs.*, 504 U.S. 451, 112 S.Ct. 2072, 119 L.Ed.2d 265 (1992), a case born in the context of antitrust law. The most that can be said for *Eastman Kodak*, however, is that it did not tinker with

*Celotex* and *Anderson*, and possibly involves an attempt to clarify *Matsushita*. This view is well-supported by an in-depth academic analysis in *Schwarzer, Hirsch, and Barrans, The Analysis and Decision of Summary Judgment Motions*, 139 F.R.D. 441 (1992).

 

at 101 Illinois Street and at 301 Roosevelt Street in Walkerton, Indiana. These properties represent the Mahoney Dealership and surrounding auxiliary buildings. Sheehan claims that material facts exist as to the actual ownership of the property and that the factfinder must determine whether Shirley's claimed ownership is legitimate or merely a sham. This argument misses the point. First, Sheehan's underlying suit is for breach of contract against Leo, Michael and the Dealership. Shirley is not a defendant in Sheehan's this dispute. Therefore, this Court has no *in personam* jurisdiction over her. In general, a person who acquired her interest in property prior to the commencement of any litigation in which such property is involved or prior to the filing of any formal notice of *lis pendens* will not be subjected to operation of the doctrine with respect to that interest. *See Pittsburgh, C., C. & St. L.R. Co. v. Long Island Loan & Trust Co.,* 172 U.S. 493, 19 S.Ct. 238, 43 L.Ed. 528 (1899). Furthermore, a person whose interest in the property in litigation existed before the commencement of the litigation is not affected by a judgment rendered therein unless she was properly made a party thereto before rendition of the judgment. *See e.g., Tinnon v. Tanksley,* 408 S.W.2d 98 (Mo.1966); *Star v. Norsteby,* 75 N.D. 563, 30 N.W.2d 718 (N.D. 1948). It is settled law that one is not bound by a judgment *in personam* in a litigation in which she is not designated as a party. *Shaffer v. Heitner,* 433 U.S. 186, 212, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977).

Additionally, this Court has no *in rem* jurisdiction over the disputed property. In order for the plaintiff to utilize the doctrine of *lis pendens,* the property that is described for the purpose of invoking *lis pendens* must be at the very essence of the controversy between the litigants. *Chevron U.S.A. Inc. v. Schirmer,* 11 F.3d 1473 (9th Cir.1993); *Levin v. George Fraam & Sons, Inc.,* 65 Ohio App.3d 841, 585 N.E.2d 527 (Ohio Ct.App.1990); *Press v. McNeal,* 568 F.Supp. 256 (E.D.Pa.1983); *In re Tara of North Hills,* 84 B.R. 416 (Bankr.E.D.N.C. 1988). It is insufficient that successful payment of the damages could be derived from the sale of the property. Such would only constitute an indirect effect on the property, which is inadequate for the purpose of trig-

gering the *lis pendens* doctrine. *Levin,* 585 N.E.2d at 531; *Beefy King Int'l, Inc. v. Veigle,* 464 F.2d 1102 (5th Cir.1972); *Coral Isle West Ass'n, Inc. v. Cindy Realty, Inc.,* 430 F.Supp. 396 (S.D.Fla.1977). Courts will not extend the doctrine of *lis pendens* without a strict necessity. *Cole v. Cole,* 117 Vt. 354, 91 A.2d 819 (Vt.1952); *Leitch v. Wells,* 48 N.Y. 585 (1872).

In *Schrager v. Grossman,* No 95 C 2214, 1995 WL 758283 (N.D.Ill.1995) the plaintiff alleged defendants induced him to invest in real estate through false representations. None of the defendants owned the real estate in question. The district court dismissed the *lis pendens* notice because "none of the named parties own the property in question." 1995 WL 758283 at *3. The court stated that while its physical jurisdiction extended to the property, to assert such jurisdiction, where there had been no service of process on the owners, would offend Due Process. *Id.* at *3, n. 3, (citing *Hansberry v. Lee,* 311 U.S. 32, 40, 61 S.Ct. 115, 85 L.Ed. 22 (1940)). Such is the case here.

### CONCLUSION

Accordingly, Third–Party Plaintiff, Shirley Mahoney's Motion for Partial Summary Judgment is hereby **GRANTED.** The *lis pendens* filed by Plaintiff, John Sheehan is invalid. IT IS SO ORDERED.