OPINION
Appellant, Gary Stabler, D.O., ("Dr. Stabler") appeals from the judgment of the Lake County Court of Common Pleas.
On March 22, 1999, appellee, Mark Hall, filed a complaint for medical malpractice alleging that Dr. Stabler caused appellee's eardrum to rupture when he was removing ear wax from his ear canal. Appellee sought damages for hearing loss and additional medical expenses incurred as a result of the rupture. On July 22, 1999, appellant filed a motion for summary judgment. In his motion, appellant argued that appellee failed to state a primafacie case of medical negligence because appellee did not produce an expert report to demonstrate by a preponderance of the evidence that (1) appellant negligently failed to meet the prevailing standard of care and that (2) this failure directly or proximately caused the injury. Appellee did not file a response to appellant's motion for summary judgment.
On October 14, 1999, the trial court granted appellant's motion for summary judgment, reasoning that because appellee failed to submit an affidavit from a medical expert in support of his action, reasonable minds must conclude that appellee cannot establish a cognizable claim for medical malpractice against appellant. On December 6, 1999, the trial court sua sponte vacated its prior judgment granting summary judgment in favor of appellant. In the new judgment, the trial court reversed its ruling and denied appellant's motion for summary judgment, reasoning that appellee did not need to submit an affidavit from a medical expert to substantiate his action for medical malpractice because the nature of appellee's case is such that "`the lack of skill or care of the [Defendant] physician * * * is so apparent as to be within the comprehension of laymen * * *.'" (quoting Bruni v. Tatsumi
(1976), 46 Ohio St.2d 127, 130, 346 N.E.2d 127 [346 N.E.2d 673]). From this judgment, appellant assigns the following error:
 "The trial court erred in reversing its decision granting summary judgment in favor of appellant because appellee failed to produce expert testimony critical of appellant's care and the negligence alleged is not of a nature requiring only common knowledge and experience to understand it."
 In his sole assignment of error, appellant contends that the trial court erred by reversing its judgment granting summary judgment against appellee because appellee could not establish a prima facie case of medical malpractice without an affidavit from a medical expert. We do not need to address whether appellee was required to submit an affidavit from a medical expert in support of his action to withstand summary judgment because the trial court had no jurisdiction to reverse its previous judgment granting summary judgment in favor of appellant.
After the trial court granted summary judgment in favor of appellant, on October 14, 1999, it had no authority sua sponte to vacate that judgment. Kemper Securities, Inc. v. Schultz (1996),111 Ohio App.3d 621, 625, 676 N.E.2d 1197. "When the trial court awards summary judgment to a party, the judgment is final and can only be vacated upon the losing party's motion to vacate in conformity with Civ.R. 60(B)." Levin v. George Fraam Sons, Inc.
(1990), 65 Ohio App.3d 841, 848, 585 N.E.2d 527. Because appellee did not file a Civ.R. 60(B) motion in this case, the trial court's October 14, 1999 judgment, granting summary judgment in favor of appellant, remains. The trial court's December 6, 1999 judgment, denying appellant's motion for summary judgment is a nullity.
For the foregoing reasons, the judgment of the Lake County Court of Common Pleas is reversed on grounds other than those presented by appellant.