I concur in the majority's analysis and disposition of appellants' first and second assignments of error. However, I respectfully dissent from the majority's decision to sustain appellants' third assignment or error.
In appellants' third assignment of error, they maintain the trial court erred in finding appellees acquired an interest in the real estate superior to the interest of appellants. Specifically, appellants maintain appellees are not bona fide purchasers for value and the doctrine of lispendens operates to defeat appellees' interest. Appellees point out their interest was acquired after the judgment entry of dismissal in the trial court.
 Bona Fide Purchasers
Appellants first contend appellees are not bona fide purchasers. A bona fide purchaser is one who purchases real estate with an honest purpose and for a valuable consideration, without knowledge or notice of outstanding interests or of facts or circumstances from which his knowledge of outstanding interests should be implied. 80 OJur3d, RealProperty Sale and Exchanges, 215.
A bona fide purchaser is one who pays valuable consideration, has no notice of outstanding rights of others and acts in good faith. AllstateFinancial Corp. v. Westfield Serv. Mgt. Co. (1989), 62 Ohio App.3d 657, citing Black's Law Dictionary (5 Ed.Rev.1979) 161; see also, ShakerCorlett Land Co. v. Cleveland (1942), 139 Ohio St. 536, paragraph three of the syllabus.
A bona fide purchase involves three elements, (1) a valuable consideration, (2) good faith and (3) absence of notice. 3 Pomeroy's Equity Jurisprudence, 5th Ed., 19, Section 745. * * * Though notice in itself is not a factor in determining the bona fide character of a transaction, knowledge of a conflicting interest is, for the authorities acknowledge a fine distinction between notice and knowledge. ShakerCorlett Land Co., supra at 542. If the purchaser's knowledge of extraneous facts relating to an outstanding equity imports bad faith he takes title subject to the equity. Id. See also the Hermitage Club Co.,Inc. v. Powers, (1995), 107 Ohio App.3d 321, 325.
At the time of the December 9, 1996 closing, the seller (Ms. Epler) was involved in three cases, all of which dealt specifically with the property. Although appellees had been dismissed from general division Case No. 96CV00439, the time for appeal had not yet expired. Further, appellees were not named defendants in the two pending probate cases which had been dismissed and appealed.
I agree with the trial court's determination appellees were bona fide purchasers. While I acknowledge appellees were aware of the potential of an appeal, there is nothing of record to indicate a defect in title. Further, there is nothing in our record to demonstrate appellees had actual knowledge anyone other than Ms. Epler had an interest in the property at the time of the closing. Even though appellants claim the property should have been returned to the estate, at the time of the transfer Ms. Epler was the record title owner of the property.
 The Doctrine of Lis Pendens
Appellants also contend the trial court incorrectly concluded the doctrine of lis pendens did not apply. Unlike the majority, I disagree.
The common-law doctrine of lis pendens has been codified in R.C.2703.26, which states:
 When summons has been served or publication made, the action is pending so as to charge third persons with notice of its pendency. While pending, no interest can be acquired by third persons in the subject of the action, as against the plaintiff's title.
In order to invoke the doctrine the following criteria must be met:
* * *
 (1) The property must be of a character to be subject to the rule;
 (2) the court must have jurisdiction both of the person and the res; and
 (3)the property or res involved must be sufficiently described in the pleadings. It may be added that the litigation must be about some specific thing that must be necessarily affected by the termination of the suit.
 Levin v. George Fraam Sons, Inc., (1990), 65 Ohio App.3d 841,845, quoting Cook, supra at 37.
The doctrine protects the plaintiff's interest in the property that is the subject of the litigation between the parties. If while the lawsuit on that property is pending, a third party acquires an interest in the property, that party takes subject to the final outcome of the suit. Levinv. George Fraam Sons, Inc. (1990), 65 Ohio App.3d 841; Dickerson v.Curtin (1947), 80 Ohio App. 486, 490. Thus, if the trial court awards the plaintiff rights in the property, the plaintiff takes free of any interest acquired by third parties during the lawsuit. Foundation S. L. Co. v.Rosenbaum (1960), 113 Ohio App. 501, 502.
In Cook v. Mozer (1923), 108 Ohio St. 30, 36, the Supreme Court of Ohio explained the doctrine:
 The general rule is that one not a party to a suit is not affected by the judgment. The exception is that one who acquires an interest in property which is at that time involved in litigation in a court having jurisdiction of the subject-matter and of the person of the one from whom the interests are acquired, from a party to the proceeding, takes subject to the judgment or decree, and is as conclusively bound by the result of the litigation as if he had been a party thereto from the outset.
* * *
The purpose of the doctrine is to preserve the status quo of the interests in the property that is the subject of the litigation until the court renders a final adjudication of the issues arising from that property. Id. at 39. Lis pendens is a procedural device to protect the status quo of the interest in the property and not a substantive right.Levin, supra, at 845 and 847.
Appellees maintain the doctrine cannot apply in the matter sub judice
because appellants failed to post a bond and or obtain a stay of execution of the December 3, 1996 Judgment Entry of Dismissal as required by Civ. R. 62 and App. R. 7. Appellees contend failure to follow these Rules means lis pendens cannot be invoked to defeat the interest in a property acquired after the judgment in the trial court and during the pendency of an appeal. For this proposition, appellees rely uponA.P.W.O., Inc. v. Toebben, Ltd. (Aug. 25, 1993), Hamilton App. No. C-920147, unreported.
In A.P.O.W., the appellate court was presented with a strikingly similar fact pattern to the matter sub judice. The First District heldlis pendens could only be invoked during the pendency of an appeal if an appellant complied with the provisions of App. R. 7, Civ. R. 62 and R.C.2505.09. The Court reasoned lis pendens is a procedural statute, and as such, it has been superseded by App. R. 7 and Civ. R. 62. Section 5(B), Article IV, Ohio Constitution. I agree with the outcome of A.P.O.W., but we do so for a different reason.
I find the appellees had the right to rely upon the finality of the trial court's judgments absent a stay of execution of any such judgment or a reversal on appeal. Even though an appeal was pending from the first judgment entry, the original action had already been finally determined by the trial court. The trial court's judgments were effective upon their filing and fully enforceable until stayed or reversed on appeal. Appellants concede they did not file a request for stay of execution in either Case No. 94-0803(A), which was on appeal, or of the December 6, 1999 Judgment Entry, which dismissed appellees. Accordingly, I find appellees could rely upon the finality of such judgments.
I would overrule appellant's third assignment of error and affirm the judgment of the trial court in toto.[2]
 ________________________ JUDGE WILLIAM B. HOFFMAN
[2] Because I would affirm the trial court's judgment in toto, I would not address the merits of appellees' conditional cross-appeal.