DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, J.G. Wentworth S.S.C. Limited Partnership ("Wentworth"), appeals from the judgment of the Medina County Court of Common Pleas granting the motion for summary judgment of Appellee, Medina General Hospital ("Medina General"). Cross-Appellant, INA Reinsurance Company ("INA"), appeals the trial court's dismissal of its counterclaim and cross-claim for interpleader relief. We reverse.
On November 21, 1996, Medina Hospital filed a complaint for declaratory relief for unreimbursed medical expenses against Sharon Lackey ("Sharon"), David C. Lackey ("David"), Benjamin T. Lackey ("Benjamin"), jointly and severally, and David, as guardian of Benjamin. Medina Hospital also sought in its complaint an order against INA to remit all future proceeds due to Benjamin under a settlement agreement to Medina Hospital. Subsequently, on July 20, 2000, the trial court entered judgment in favor of Medina General and ordered INA to forward all payments due to Benjamin to Medina General.
Wentworth moved to intervene in the action claiming that Benjamin had sold his right, title, and interest in the settlement proceeds, which the trial court ordered INA to remit to Medina General, and, therefore, Wentworth had a superior interest in the proceeds. The trial court granted Wentworth's motion to intervene. Following the trial court's order granting Wentworth's motion to intervene, INA filed an answer, counterclaim, and cross-claim.
On January 29, 2001, Medina General moved for summary judgment. Thereafter, Wentworth filed a cross-motion for summary judgment. The trial court, on March 16, 2001, granted Medina General's motion for summary judgment and dismissed INA's counterclaim and cross-claim. Wentworth timely appealed raising one assignment of error for review. INA appealed raising two assignments of error.
 WENTWORTH'S ASSIGNMENT OF ERROR As a result of Benjamin Lackey's valid assignments to Wentworth of his total interest in the subject annuity payments, which assignments were completed before [Medina General's] judgment lien against [Benjamin] Lackey arose, Wentworth has the priority claim to the annuity payments, and thus the trial court committed reversible error by ordering a portion of those annuity payments to be used to satisfy [Medina General's] judgment lien against [Benjamin] Lackey, rather than being issued to Wentworth.
In its sole assignment of error, Wentworth avers that the trial court erred when it ordered a portion of the annuity payments to be used to satisfy Medina General's judgment lien against Benjamin. Specifically, Wentworth argues that Benjamin's valid assignment of the proceeds to Wentworth takes priority over Medina General's judgment lien and the doctrine of lis pendens does not defeat this priority. We agree.
Pursuant to Civ.R. 56(C), summary judgment is appropriate when: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327. To succeed on a summary judgment motion, the movant "bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case." (Emphasis sic.) Dresher v. Burt (1996), 75 Ohio St.3d 280,292. If the movant satisfies this burden, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial."Id. at 293, quoting Civ.R. 56(E). An appellate court reviews a lower court's entry of summary judgment applying the de novo standard; thereby employing the same standard used by the trial court. See Klingshirn v.Westview Concrete Corp. (1996), 113 Ohio App.3d 178, 180. We will address, in turn, each of Wentworth's claims.
 Assignment v. judgment lien
An attaching creditor's rights are based upon the exercise of a legal right to obtain something that belongs to the debtor to compensate for an obligation already in existence. The Warren Guarantee Title MortgageCo. v. Williams (1928), 27 Ohio App. 505, 510. Whereas, an innocent purchaser's rights are based upon an exchange between parties, and it arises in contract. Id. Accordingly, the right of priority differs as between an attaching creditor and an innocent purchaser. Id. Specifically, an attaching creditor's lien attaches only to the real interest of the judgment debtor, without regard to what his apparent interest may be, and this lien is subject to all bona fide purchasers or assignees, either secret or latent. Id. at 510-11. The attaching creditor cannot obtain a superior right in the judgment debtor's property that the latter did not have, and if the judgment debtor does not have a right in the property, no lien can attach. Id. at 511.
 It is a fundamental principle that an attaching creditor can stand on no better footing, as against bona fide
purchasers or assignees of his debtor, than the latter does at the time of the attachment or garnishment. And it is well settled that where an assignment of a chose in action is made on good consideration and bona fide, the creditors of the assignor can not avoid or defeat it by garnishment or other similar process, although the debtor had no notice of the assignment previous to the attachment[.]
Copeland v. Manton (1872), 22 Ohio St. 398, 404.
In this case, on January 15, 1997, Benjamin sold, transferred, and assigned all of his rights in the settlement proceeds to Wentworth. On July 20, 2000, the trial court entered judgment in favor of Medina General and ordered INA to forward the settlement proceeds to Medina General. However, when the trial court ordered INA to forward the settlement proceeds to Medina General, Benjamin did not have an interest in the property as he had previously sold, transferred, and assigned his rights in the property to Wentworth. Therefore, as Benjamin did not have a right in the settlement proceeds, a lien could not attach. See TheWarren Guarantee Title Mortgage Co., 27 Ohio App. at 510. Since Medina General cannot stand on better footing, as against Wentworth, Medina General's judgment lien cannot have priority over Wentworth's assignment.
 Doctrine of lis pendens
The common law doctrine of lis pendens is codified in R.C. 2703.26, and states:
 When summons has been served or publication made, the action is pending so as to charge third persons with notice of its pendency. While pending, no interest can be acquired by third persons in the subject of the action, as against the plaintiff's title.
In order for the doctrine of lis pendens to be applicable in a particular case, three elements must be met: (1) "[t]he property must be of a character to be subject to the rule;" (2) "the court must have jurisdiction both of the person and the res;" and (3) "the property orres involved must be sufficiently described in the pleadings." Cook v.Mozer (1923), 108 Ohio St. 30, 37. Additionally, "the litigation must be about some specific thing that must be necessarily affected by the termination of the suit." Id. That is, the property described in the pleadings "must be at the very essence of the controversy between the litigants." Levin v. George Fraam Sons, Inc. (1990), 65 Ohio App.3d 841,846.
In the present case, Medina General filed its complaint to recover monetary damages for unreimbursed medical expenses. We note that the doctrine of lis pendens is inapplicable in an action seeking merely a monetary judgment despite the fact that the cause of action arose out of the property specified in the complaint. Stone v. Equitable Mtge. Co. (1927), 25 Ohio App. 382, 388. Furthermore, when invoking the doctrine oflis pendens "[i]t is not sufficient that the property be the source out of which the plaintiff will be compensated." Levin,65 Ohio App.3d at 846. Consequently, Medina General's complaint seeking merely monetary damages does not invoke the doctrine of lis pendens. Accordingly, we find that the trial court erred in determining that the doctrine of lispendens defeated Wentworth's priority interest in the settlement proceeds. For the reasons stated, the trial court improperly granted summary judgment in favor of Medina General. Wentworth's sole assignment of error is sustained.
 INA'S ASSIGNMENT OF ERROR I The trial court abused its discretion in sua sponte
dismissing [INA's] counterclaim and cross-claim for interpleader relief[.]
In its first assignment of error, INA argues that the trial court abused its discretion when it sua sponte dismissed INA's counterclaim and cross-claim for interpleader relief. INA's argument is well taken.
An appellate court reviews a trial court's decision to dismiss a counterclaim or a cross-claim under an abuse of discretion standard. SeeLloyd's Rentals v. Gault (Sept. 23, 1992), Summit App. No. 15525, unreported, at 4. An abuse of discretion suggests more than an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. It implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Id.
A trial court can sua sponte dismiss a counterclaim or cross-claim only in limited circumstances, namely, if the party fails to prosecute its action or fails to comply with the Civil Rules or an order from the court. Civ.R. 41(B)(1) and (C). The law prefers deciding cases on their merits; however, if a party's conduct is "so negligent, irresponsible, contumacious or dilatory" it "provide[s] substantial grounds for a dismissal * * * for a failure to prosecute or obey a court order."Schreiner v. Karson (1977), 52 Ohio App.2d 219, 223.
In the case sub judice, the trial court dismissed INA's counterclaim and cross-claim without an explanation. There is no evidence that INA failed to prosecute its claims, comply with the Civil Rules, or obey an order from the court. Additionally, the record does not reflect that INA's conduct was "negligent, irresponsible, contumacious or dilatory" to warrant the dismissal. Consequently, the trial court abused its discretion when it sua sponte dismissed INA's counterclaim and cross-claim. Accordingly, INA's first assignment of error is sustained.
 INA'S ASSIGNMENT OF ERROR II The trial court denied [INA's] due process when it failed to provide [INA] notice and an opportunity to be heard before sua sponte dismissing [INA's] cross-claim and counterclaim for interpleader relief[.]
In its second assignment of error, INA alleges that the trial court violated its due process rights when it sua sponte dismissed its counterclaim and cross-claim without providing INA with notice or an opportunity to be heard. In light of our decision in INA's assignment of error one, we need not address this issue.
Wentworth's sole assignment of error is sustained. INA's first assignment of error is sustained, and its second assignment of error is not addressed. The judgment of the Medina County Court of Common Pleas is reversed and remanded.
Judgment reversed, and remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
BAIRD, J., CARR, J. CONCUR.