**DICKERSON, ET, Plaintiffs-Appellants, v CURTIN, ET, Defendants-Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 4003.   Decided June·13th, 1947.

A. J. Worsham, Columbus, Frank C. Shearer, Columbus, for plaintiffs-appellants.

Pretzman & Dillon, Columbus, for defendants-appellees.

## OPINION

By THE COURT:

This is an appeal on law from the judgment of the Common Pleas Court of Franklin County, Ohio.

This is an action to quiet title brought by Bennett Dickerson and Harriet L. Dickerson, husband and wife, against Thomas E. Curtin, who, although served with summons, filed no pleadings and gave no notice of appeal. Immediately after the action was commenced Erma C. Pratt was made a party defendant, who filed an answer and defended the action.

The plaintiffs-appellants claim title to the real estate involved through a quitclaim deed from Charles F. Worley and Ivya Worley, husband and wife, dated May 11, 1946. The Worleys claim their title through a general warranty deed from Thomas E. Curtin, dated August 23, 1945.

Subsequent to the conveyance from Curtin to the Worleys, and prior to the conveyance from Worleys to Dickersons, an action was commenced in the Common Pleas Court of Franklin County, Ohio, by Hamilton McAllister, et al., against the Worleys, case No. 169,347, seeking to set aside the deed from Curtin to the Worleys on the ground that it violated a certain restrictive covenant relative to the sale of the property to persons other than those of the Caucasian race. This action resulted in a decree that the deed from Curtin to the Worleys was null and void as of the date of its execution; that no right, title or interest passed to the Worleys by reason of such purported deed; that the owner of said property was Thomas E. Curtin. The decree was filed of record on June 10, 1946. During the pendency of this action, and about one month before the decree was entered, to wit; on May 11, 1946, the Worleys executed the quitclaim deed to the Dickersons, under which they claim title. After the judgment in the case of McAllister v Worley became final, Thomas E. Curtin, on July 13, 1946, conveyed the real estate in question to Erma C. Pratt. In a separate trust agreement Erma C. Pratt agreed to hold said property as Trustee for Vernon W. Moss, as an individual and as President of the Eastwood Civic Association. These facts were alleged in the answer of Erma C. Pratt and were proven at the trial. The facts were not in dispute; the questions raised were legal and not factual.

We have been furnished a copy of the well-prepared opinion of Judge Leach. It is thorough and well reasoned; to attempt to improve on it would be futile. We approve the judgment of the trial Court in every particular. In substance, the Court found:

634

"that the plaintiffs have no title upon which to base their petition to quiet title to the premises; that by virtue of the conveyance by quitclaim deed from Charles F. and Ivya Worley, the said plaintiffs obtained no right, title or interest in and to said property, the title to which they sought in their petition to quiet; that said plaintiffs had actual notice of the pendency of the case of McAllister v Worley, No. 169347 on the dockets of this Court, wherein Charles F. and Ivya Worley, the grantors in the quitclaim to the plaintiffs in the instant case, were denied any right, title or interest in and to said premises, and that by virtue of the quitclaim deed from the defendants Worley to the plaintiffs, the plaintiffs acquired no right, title or interest in and to said premises, and that by virtue thereof, the petition of the plaintiffs should be dismissed."

From this judgment the plaintiffs-appellants have prosecuted this appeal. For their first assignment of error plaintiffs-appellants contend that the Court erred in overruling the motion to dismiss Erma C. Pratt as a party-defendant. The point is made that Erma C. Pratt held said property as Trustee, that she held no beneficial interest and was not the real party in interest. The record shows that she was the record title holder, and, even though she held said property as Trustee for others by the terms of a separate trust agreement, she, nevertheless, held the legal title. A trustee of the legal title may mainntain an action to quiet title. **33 O. Jur. p. 897, Sec. 77.** A trustee is competent to maintain or defend an action in preservation or protection of the res. **33 O. Jur. p. 918, Sec. 105, 40 O. Jur. pages 370-375.**

Second, it is claimed that the Court erred in sustaining defendants-appellees' motion to amend her answer and in proceeding to adjudicate the case against plaintiffs-appellants without a real party in interest as a party defendant. The Court properly allowed the defendant, Erma C. Pratt, the right to amend her answer to conform to the proof, by alleging that she held said property as Trustee. Except for the right of amendment, this assignment of error raises the same question as was raised by the first assignment.

Third, it is contended that the Court erred in finding that the plaintiffs-appellants had no right, title or interest in the property involved. A question is raised as to whether the doctrine of lis pendens was properly applied. The quitclaim deed under which the plaintiffs-appellants claim title was executed while the case of McAllister v Worley was pending. Under the provisions of §11300 GC, the plaintiffs-appellants were charged with notice of the pendency of the suit. During

the pendency of that action, the plaintiffs-appellants could not acquire any interest under the quitclaim deed against the parties to that litigation. Any interest which the plaintiffs-appellants would acquire would be subject to the judgment or decree in that case. See **Vol. 25 O. Jur. p. 654; Cook v Mozer, 108 Oh St 30.** However, the trial Court did not rely entirely on the doctrine of lis pendens, since the undisputed evidence shows that at the time the transfer was made to the plaintiffs-appellants they had actual knowledge of the pendency of the case of McAllister v Worley, and of the issues raised therein. In that case the Court decreed that the Worleys had no title to the property in question. It follows that if the Worleys had no title they could not convey title to the plaintiffs-appellants.

Fourth, it is contended that the Court erred in dismissing plaintiffs-appellants' petition and rendering judgment for defendants-appellees. The point is made that since the plaintiffs-appellants were not parties to the case of McAllister v Worley, they now have a right to impeach the judgment if they feel aggrieved by it. As heretofore stated, either under the doctrine of lis pendens or on the ground of actual knowledge of the pendency of the action, the plaintiffs-appellants are bound by the judgment and decree in the case of McAllister v Worley, and as to them such judgment and decree is final and conclusive.

Finding no error in the record prejudicial to the rights of the plaintiffs-appellants, the judgment is affirmed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.