THE FOUNDATION SAVINGS & LOAN CO. v. ROSENBAUM ET AL.,
APPELLANTS; SOUTHERN ACCEPTANCE CO., APPELLEE.

(No. 8846—Decided October 24, 1960.)

*Mr. Jonas B. Katz*, for appellant.
*Mr. Albert J. Lerner*, for appellee.

LONG, J.   This action was originally one to foreclose a mortgage held by The Foundation Savings & Loan Company.   Prior to the filing of the action, Elaine R. Rosenbaum, appellant, had filed a divorce action against her husband, Burton L. Rosenbaum.   In her petition for divorce, the appellant set forth and described the real estate in question.   During the pendency of the divorce action, the husband of appellant was sued by Southern Acceptance Company, appellee herein, and a judgment on a cognovit note was had against him; thereupon, appellee took the necessary steps to perfect a judgment lien against such real estate.   There is no dispute that the real estate was in the joint names of the husband and wife; and further, that the divorce decree awarded the husband's interest in the real estate to the appellant, wife.   The sole question in the case is whether the appellee, Southern Acceptance Company, can intervene in the foreclosure suit, set up its judgment lien and thereby subject the real estate, awarded to the wife as alimony, to that lien.   Our answer to this question is, No.

The *lis pendens* section of the Revised Code is as follows:

"Where summons has been served or publication made, the action is pending so as to charge third persons with notice of its pendency.   *While pending, no interest can be acquired by*

*third persons in the subject of the action, as against plaintiff's title."* Section 2703.26, Revised Code.

It seems to us that the law of Ohio is well settled that during the pendency of an action involving a particular *res*, where the court has jurisdiction, such *res* will be protected against intervening encumbrances, attaching during the pendency of the action; and that, if the plaintiff therein is successful, any such intervening encumbrances will not attach to defeat plaintiff's claims. 34 Ohio Jurisprudence (2d), 691, 692, and 693, Sections 7, 8, 9, and 10.

In the case of *Cook* v. *Mozer*, 108 Ohio St., 30, which was a case very close in principle to the case at bar, the Supreme Court held that the pending divorce action in which the property was described in the petition, prevented the holder of a cognovit note from gaining any lien or charge upon the land.

The appellee in the case at bar relies upon the case of *Parsons* v. *Ohio Pail Co.*, 6 C. C. (N. S.), 116, 17 C. D., 162. However, that was an equity case, in which the court refused a wife an injunction to prevent the removal of timber from the land because she had knowledge of the sale of the timber by her husband and was present at the time of the sale; nevertheless, the divorce court took cognizance of the money the husband received and accordingly made an allowance to the wife by way of alimony. This case in no sense suggests the failure of the court to follow the doctrine of *lis pendens*.

For these reasons, the judgment of the Court of Common Pleas of Hamilton County will be reversed, and final judgment will be rendered in this court in favor of the appellant, Elaine R. Rosenbaum, in accordance with this opinion.

*Judgment reversed.*

MATTHEWS, P. J., and O'CONNELL, J., concur.