**MARTIN, ROCHFORD AND DURR, Appellant,**

**v.**

**LAWYER'S TITLE INSURANCE CORPORATION, Appellee.**

[Cite as *Martin, Rochford & Durr v. Lawyer's
Title Ins. Corp.* (1993), 86 Ohio App.3d 20.]

Court of Appeals of Ohio,
Summit County.

No. 15692.

Decided Jan. 13, 1993.

*L. James Martin,* for appellant.

*Stephen J. Pruneski,* for appellee.

---

BAIRD, Presiding Judge.

This cause comes before the court upon the appeal of Martin, Rochford & Durr ("Martin") from an order by the Summit County Court of Common Pleas granting summary judgment to Lawyer's Title Insurance Corporation ("Lawyer's Title").

Martin, a law firm, represented Marcia J. Jonke in a foreclosure action instituted against Jonke by Home Federal Savings Bank ("bank"). On September 18, 1990, the court granted a judgment of foreclosure in favor of bank, established bank's lien on the property at issue, foreclosed Jonke's equity of redemption, and ordered sale of the property. Before the sheriff's sale, Jonke executed a mortgage deed to the property to Martin.

At the sheriff's sale, bank purchased the property. Bank sold the property to Steven Avanov. Lawyer's Title provided the title insurance policy for that sale.

Martin then requested the court to issue a declaratory judgment with respect to the validity of its mortgage on the property, claiming the mortgage was valid and Lawyer's Title was responsible for paying off the mortgage pursuant to the

title insurance policy.[1]  Both parties filed motions for summary judgment, and the court granted summary judgment to Lawyer's Title.

It is from this judgment that Martin appeals, asserting a single assignment of error:

"The lower court correctly determined the inapplicability of *lis pendens* to the case, but subsequently erred in granting the defendant's motion for summary judgment and overruling plaintiff's motion for summary judgment."

The trial court found that the doctrine of *lis pendens* did not apply to this case and granted summary judgment to Lawyer's Title.  While we agree with the court's judgment, we disagree with the court's reasoning regarding the applicability of *lis pendens*.

The common-law doctrine of *lis pendens* has been codified in R.C. 2703.26, which reads:

"When summons has been served or publication made, the action is pending so as to charge third persons with notice of its pendency.  While pending, no interest can be acquired by third persons in the subject of the action, as against the plaintiff's title."

■  The doctrine protects the plaintiff's interest in the property that is the subject of the litigation between the parties.  If while the lawsuit on that property is pending, a third party acquires an interest in the property, that party takes subject to the final outcome of the suit.  *Dickerson v. Curtin* (1947), 80 Ohio App. 486, 490, 36 O.O. 249, 251, 76 N.E.2d 619, 621.  Thus, if the trial court awards the plaintiff rights in the property, the plaintiff takes free of any interest acquired by third parties during the lawsuit.  *Found. S. & L. Co. v. Rosenbaum* (1960), 113 Ohio App. 501, 502, 18 O.O.2d 101, 102, 171 N.E.2d 359, 360.  See *Levin v. George Fraam & Sons, Inc.* (1990), 65 Ohio App.3d 841, 845, 585 N.E.2d 527, 529.

■  In this case, Martin argues and the trial court held that the doctrine does not apply.  As the mortgage was executed after the final judgment but before the sheriff's sale, it is argued that litigation was no longer pending, as required by the statute.  We disagree.  Such a holding would render foreclosure proceedings unworkable, as the property involved could be sold or otherwise disposed of in the period between final judgment and sheriff's sale.  We find, therefore, that the

---

1.  At oral argument, counsel for Martin indicated that there had been an agreement not to bring the property owners into the litigation.  We note also that Martin's complaint alleged that "it and the defendant are the true in interest [*sic*]."  Though this allegation was denied, the matter was apparently not further raised by the parties or considered by the trial court.  This being the posture of the matter, we will not further consider the absence of any sort of privity between the law firm and the title company.

doctrine of *lis pendens* applies during this time period. *Lancaster Hardware & Supply, Inc. v. MacNeil* (Dec. 12, 1978), Hocking App. No. 312, unreported.

Martin's assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN and REECE, JJ., concur.