**ORDERED** that the Trustee's Motion for Turnover be, and is hereby, GRANTED; and that the Debtor's Objection thereto be, and is hereby, OVERRULED.

It is **FURTHER ORDERED** that the Debtor, Douglas E. Booth, turnover to the Trustee his state and federal income tax returns for the tax year 1999.

It is **FURTHER ORDERED** that the Debtor, Douglas E. Booth, turnover to the Trustee that portion of his 1999 tax refunds related to his prepetition earnings. This amount shall be calculated pro-rata based upon the date on which the Debtor petitioned this Court for bankruptcy relief.

It is **FURTHER ORDERED** that the Debtor, Douglas E. Booth, turnover to the Trustee that portion of his 1999 profit-sharing check related to his prepetition earnings. This amount shall be calculated pro-rata based upon the date on which the Debtor petitioned this Court for bankruptcy relief.

**In re Joseph/Laurie OCHMANEK, Debtors.**

No. 99–33403.

United States Bankruptcy Court, N.D. Ohio.

Oct. 4, 2000.

Stephen T. Priestap, Toledo, OH, for debtors.

Thomas L. Mason, Ashland, OH, for John Neighbor.

Patricia McCormick, Toledo, Oh, for Interim Trustee.

Roger W. Goranson, Toledo, OH, for Conti Mortgage.

## MEMORANDUM OPINION AND DECISION

RICHARD L. SPEER, Chief Judge.

This cause comes before the Court upon the Debtors' Motion to Avoid a Judgment Lien pursuant to 11 U.S.C. § 522(f), and the Judgment–Creditor's objection thereto. At subsequent hearings held on this matter, all the Parties with an interest in this proceeding were given the opportunity to present arguments in support of their respective positions. In addition, interested parties were afforded the opportunity to submit briefs and legal memorandum supporting their individual legal positions. This Court has now had the opportunity to review the arguments of counsel, the exhibits, as well as the entire record in the case. Based upon that review, and for the following reasons, the Court finds that the Debtors' Motion to Avoid Lien should be Denied.

### FACTS

The Debtors, Joseph E. Ochmanek and Laurie A. Ochmanek (hereinafter referred to as the Debtors), are the owners of a residence located Lucas County, Ohio. On February 11, 1997, John Neighbor (hereinafter referred to as Mr. Neighbor) obtained a judgment against the Debtors for Seventeen Thousand Fifty-five dollars ($17,055.00) plus interest in the Ashland County Common Pleas Court. Not long thereafter, Mr. Neighbor filed a certificate of judgment in the Lucas County Court of Common Pleas which, in accordance with Ohio law, created a judgment lien against all the real property owned by the Debtors in Lucas County, Ohio. Thereafter, on September 24, 1998, Mr. Neighbor filed a foreclosure action in the Lucas County Court of Common Pleas against the Debtors' residence, naming, among other Defendants, the Decision One Mortgage Company who, according to the relevant real estate records, held a first and best mortgage against the Debtors' residence. The Decision One Mortgage Company was then formally served with notice of the foreclosure action on October 1, 1998. However, notwithstanding the local real estate records listing the mortgage of the Decision One Mortgage Company as the primary lien against the Debtors' residence, the Decision One Mortgage Company, at the time Mr. Neighbor brought his foreclosure action, no longer held an interest in the Debtors' real property, that interest having been previously assigned to the Conti Mortgage Company. The Conti Mortgage Company, however, was not named as a party nor did they receive notice of Mr. Neighbor's foreclosure action as they did not actually record their interest in the Debtors' real estate until December 3, 1998.

On April 23, 1999, Mr. Neighbor obtained a foreclosure judgment against the Debtors' real estate. Through this judgment, the mortgage interest of the Decision One Mortgage Company, who did not appear in the action, was extinguished. Specifically, the terms of the judgment provided that:

The Court finds that Defendants The Telephone Credit Union, Inc. and Deci-

sion One Mortgage Company have failed to answer the Complaint and are in default. Their liens are therefore voided and extinguished.

No mention, however, was made in this foreclosure judgment concerning the Conti Mortgage Company's interest in the Debtors' real property.

On August 16, 1999, the Debtors, just prior to the time that their residence was to be sold in accordance with the state court foreclosure judgment, filed a petition for relief under Chapter 7 of the United States Bankruptcy Code. Thereafter, the Debtors filed an action to have the judgment lien of Mr. Neighbor avoided pursuant to 11 U.S.C. § 522(f) on the basis that the lien would impair their homestead exemption. In support thereof, the Debtors pointed to four uncontested facts of this case: (1) The Debtors have claimed a Ten Thousand dollar ($10,000.00) exemption in their residence pursuant to O.R.C. § 2329.66(A)(1); (2) the value of the assigned mortgage the Conti Mortgage Company holds against the Debtors' residence is approximately Ninety-four Thousand dollars ($94,000.00); (3) the value of the Debtors' residence is One Hundred Thousand dollars ($100,000.00); and (4) the value of Mr. Neighbor's judgment lien against the Debtors' property was, as of February 11, 1999, Twenty Thousand Seven Hundred Eighty and 55/100 dollars ($20,780.55).

Mr. Neighbor and John Hunter, as the appointed trustee of the Debtors' bankruptcy estate, however, have opposed the Debtors' Motion to Avoid Lien, arguing that the mortgage held by the Conti Mortgage Company should be extinguished, which in turn would create sufficient equi-

ty in the Debtors' residence to defeat the Debtors' Motion. In support of this position, Mr. Neighbor and John Hunter, point to the fact that the mortgage of the Conti Mortgage Company was not recorded until after Mr. Neighbor had commenced his foreclosure action against the Debtors' property.[1] On the other hand, both the Debtors and the Conti Mortgage Company maintain that the Conti Mortgage Company maintains a first and best lien against the Debtors' residence.

### LAW

**11 U.S.C. § 522. Exemptions**

Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is–

(A) a judicial lien, other than a judicial lien that secures a debt[.]

### DISCUSSION

Determinations concerning the validity, extent, or priority of liens are core proceedings pursuant 28 U.S.C. § 157(b)(2)(k). Thus, this case is a core proceeding.

The Debtors in this case seek, in accordance with § 522(f) of the Bankruptcy Code, to avoid the judgment lien that Mr. Neighbor holds against their residence. Under § 522(f) of the Bankruptcy Code, a lien may be avoided, as the Debtors request, if the lien "impairs" an exemption to which a debtor would have other-

1. The Trustee no longer has an interest in the Debtor's real estate because, pursuant to a motion filed by the Conti Mortgage Company, the Court ordered the Trustee's interest in the Debtors' real estate abandoned. The Trustee later filed a Motion to Vacate the Court's Order on the basis that service was improper. However, after holding a Hearing on the matter, the Court denied the Trustee's request.

wise been entitled to claim in accordance with applicable bankruptcy law.[2] For purposes of § 522(f), a lien is considered to impair a debtor's exemption if the total value of all the liens on the property (including the lien to be avoided), plus the amount of the debtor's exemption, exceeds the fair market value of the property. 11 U.S.C. § 522(f)(2)(A). Usually, but not always, this means that the lien to be avoided will be a junior lien to that of a senior consensual lien. With regards to this formula, the Debtors claim that the lien held by Mr. Neighbor impairs their exemption as the aggregate amount of the liens held by the Conti Mortgage Company ($94,-000.00) and Mr. Neighbor ($21,780.55), plus their homestead exemption ($10,-000.00), clearly exceeds the fair market value of their residence ($100,000.00). Mr. Neighbor, however, contests this assertion, arguing that although the Debtors' argument may be facially valid, it presumes that the mortgage held by the Conti Mortgage Company is a valid and best lien against the Debtors' residence. Accordingly, given this argument, the issues to be resolved in this proceeding can be framed as this: Is the mortgage of the Conti Mortgage Company valid, and if it is, is that mortgage superior to that of the judgment lien held by Mr. Neighbor? As the latter issue is predicated upon the former, the Court will begin its analysis by examining whether the mortgage held by the Conti Mortgage Company constitutes a valid lien against the Debtors' residence. However, before addressing this issue, the Court observes that when a debtor files for bankruptcy relief, their interest in property, such as a mortgage, is determined by

reference to applicable state law. *Butner v. United States,* 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979). As a consequence, since all the events giving rise to this case occurred in Ohio, this Court will look to Ohio law to determine the issues raised by the Parties.

Under Ohio law a mortgage can be defined as a conveyance of property to secure the performance of some obligation, usually a debt. *Hembree v. Mid–America Fed. S. & L. Assn.,* 64 Ohio App.3d 144, at 151, 580 N.E.2d 1103, 1108 (Ohio Ct.App. 1989). It is clear that under Ohio law, mortgage interests are freely alienable. In fact, Ohio statutory law specifically provides that a mortgage may be assigned by either executing a separate instrument, or by writing the assignment on the original mortgage or on the margin of the record thereof. O.R.C. §§ 5301.28, 5301.31 & 5301.32.

■ In opposition to the validity of the mortgage assigned to the Conti Mortgage Company, John Neighbor has argued that the mortgage was extinguished by the judgment of foreclosure entered by the Lucas County Court of Common Pleas. The pertinent language of the state court judgment of foreclosure which, according to Mr. Neighbor, accomplishes this feat (and which was previously stated in the Court's recitation of facts) is as follows:

> The Court finds that Defendants The Telephone Credit Union, Inc. and Decision One Mortgage Company have failed to answer the Complaint and are in default. Their liens are therefore voided and extinguished.

---

**2.** Section 522(f) also requires that any lien to be avoided must be a judicial lien within the meaning of 11 U.S.C. § 101(36). In this case, there is no dispute among the Parties that Mr. Neighbor's lien qualifies as a judicial lien for purposes of §§ 522(f) and 101(36). It should

also be noted that § 522(f) only permits a lien to be avoided "to the extent" that it impairs the debtor's exemption. Thus, in some instances, a lien may only be partially avoided under § 522(f).

The Court, however, after closely examining this language, cannot find that the mortgage held by the Conti Mortgage Company was actually extinguished by this provision. In particular, the use of the word "their" in this provision clearly indicates that only the mortgage interest held by the Decision One Mortgage Company, and not the Conti Mortgage Company, was actually extinguished by the state court judgment. Further, the mere fact that the Conti Mortgage Company was assigned a mortgage from an entity who subsequently (i.e., post-assignment of the mortgage) had their interest in that mortgage extinguished does not change this result. This is because Ohio statutory law provides that once the assignment of a mortgage is accomplished, the assignment "transfer[s] not only the lien of the mortgage but also all interest in the land described in the mortgage."[3] O.R.C. § 5301.31. As a result, at the time Mr. Neighbor brought his foreclosure action against the Debtors' property, the Decision One Mortgage Company had no interest in the Debtors' mortgage which was capable of being extinguished by the subsequent state court judgment of foreclosure. Stated in another way, when Mr. Neighbor brought his action of foreclosure against the Debtors' property, the Conti Mortgage Company was the only entity which held an interest in the Debtors' mortgage and accompanying debt. As a consequence, before the mortgage interest of the Conti Mortgage Company could be extinguished, the Conti Mortgage Company was required to be named as a party to the foreclosure action, and to receive notice thereon, events which clearly did not occur in this case. *See* Ohio R.Civ P. 17(A); *Galt Alloys, Inc. v.*

*KeyBank Natl. Assn.* (1999), 85 Ohio St.3d 353, 357, 708 N.E.2d 701, 704 (Ohio St.1999) (holding that, "due process requires that persons whose property interests are jeopardized by the filing of legal proceedings be given notice reasonably calculated, under all the circumstances, to apprise those persons of the pendency of the action and afford them an opportunity to present their objections."). Accordingly, for these reasons, the Court cannot find that the mortgage held by the Conti Mortgage Company against the Debtors' residence, was subsequently avoided by the judgment of foreclosure entered by the Lucas County Court of Common Pleas.

■ Notwithstanding, as it is clear that the mortgage interest of the Decision One Mortgage Company was extinguished by the state court judgment of foreclosure, the Conti Mortgage Company cannot rely on its status as the assignee of the Decision One mortgage to secure its position vis-a-vis other parties with an interest in the Debtors' property. Instead, the mortgage interest held by the Conti Mortgage Company must, as it relates to other third-party interests in the Debtors' property, stand on its own. In this regard, Mr. Neighbor has argued that the failure of the Conti Mortgage Company to timely record its interest in the Debtors' property affects the relative priority of its mortgage. Specifically, Mr. Neighbor argues that its interest in the Debtors' residence is superior to that of the mortgage interest held by the Conti Mortgage Company. As such, Mr. Neighbor argues that its judgment lien, being first in priority and having an approximate value of Twenty-one Thousand dollars (21,000.00), would not im-

---

**3.** In addition, since a mortgage is merely an incident of the debt which it secures, both the mortgage and the debt securing the mortgage are, in the absence of evidence to the contrary, presumed transferred together. *Kerno-han v. Manss,* 53 Ohio St. 118, 133, 41 N.E. 258, 260 (Ohio St.1895) (a mortgage given to secure a debt has no determinate value apart from the debt, and as distinct from it, is not a fit subject for assignment).

pair the Debtors' claim of a Ten Thousand dollar ($10,000.00) exemption in their residence, given that the Debtors' residence has an approximate fair market value of One Hundred Thousand dollars ($100,000.00).

In Ohio, the relative priority of a judgment lien as it relates to a mortgage interest depends normally upon the time in which each lien attaches. 62 Ohio Jur.3d *Judgments* § 233. In this respect, a mortgage can be said to attach to an item of property at the time it is recorded, while a judgment lien attaches to real property from the time the certificate of judgment is filed in the office of the clerk of the Court of Common Pleas. O.R.C. § 2329.02. For purposes of this case, taking this priority scheme at face value means that the mortgage assigned to the Conti Mortgage Company, having been recorded on December 3, 1998, would be inferior to that of Mr. Neighbor's judgment lien which attached to the Debtor's property on or around August 12, 1998, when Mr. Neighbor filed his certificate of judgment with the Lucas County Clerks Office. However, this normal priority scheme is not applicable in this case. The following explains why.

■ Ohio law holds that when a mortgage is assigned, the assignment is subject to the recording requirements of O.R.C. § 5301.25. *Creager v. Anderson* (1934), 16 Ohio Law Abs. 400 (interpreting G.C. 8543 which is the former O.R.C. § 5301.25). This section provides, in pertinent part, that:

All deeds, land contracts referred to in division (B)(2) of section 317.08 of the Revised Code, and instruments of writing properly executed for the conveyance or encumbrance of lands, tenements, or hereditaments ... shall be recorded in the office of the county recorder of the county in which the prem-

ises are situated, and until so recorded or filed for record, they are fraudulent, so far as relates to a subsequent bona fide purchaser having, at the time of purchase, no knowledge of the existence of such former deed or land contract or instrument.

Thus, under this statutory section, legal documents, such as the assignment of a mortgage, which convey or encumber real property are fraudulent against bona fide purchasers until the transaction is recorded. The Ohio Supreme Court, however, has specifically held that judgment lien creditors, such as Mr. Neighbor, cannot be considered bona fide purchasers for value within the meaning Ohio law. *Basil v. Vincello*, 50 Ohio St.3d 185, 190, 553 N.E.2d 602, 607 (Ohio St.1990). Thus, Mr. Neighbor, as a judgment lien creditor, cannot seek to have the mortgage held by the Conti Mortgage Company subordinated to his interest, solely on the basis that the Conti Mortgage Company did not record its interest in the Debtors' property before Mr. Neighbor's interest in the Debtors' property attached thereto.

■ Nevertheless, O.R.C. § 5301.25 does not actually eliminate an entity's duty to record a conveyance or encumbrance of an interest in real property. In fact, just the exact opposite is true as O.R.C. § 5301.25 specifically provides that "the conveyance or encumbrance of lands, tenements, or hereditaments ... *shall* be recorded[.]" (emphasis added). Thus, with regards to real property, before an entity assigned an interest in that property would be entitled to receive a distribution from the sale of the property, their interest therein must have been recorded in accordance with Ohio law. *Pinney v. Merchants' National Bank of Defiance*, 71 Ohio St. 173, 177, 72 N.E. 884, 885 (1904) (holding that where an assignment has not been recorded, a party may take title free

and clear from the claim of the assigned mortgage). In this respect, Mr. Neighbor argues that the doctrine of lis pendens prevented the subsequent recording of the mortgage held by the Conti Mortgage Company from operating against him.

■■■ The doctrine of lis pendens provides that if a third party acquires an interest in property which is at that time subject to litigation, the third party takes the property subject to the final outcome of the litigation. *Cook v. Mozer*, 108 Ohio St. 30, 36, 140 N.E. 590 (1923). Stated in another way, if a court awards a plaintiff rights in an item of property, the plaintiff takes that interest in the property free of any claims or interest acquired by third parties during the lawsuit. *Foundation S. & L. Co. v. Rosenbaum*, 113 Ohio App. 501, 502, 18 O.O.2d 101, 102, 171 N.E.2d 359, 360 (Ohio Ct.App.1960). The lis pendens doctrine is now codified under O.R.C. § 2703.26, which states that:

> When summons has been served or publication made, the action is pending so as to charge third person with notice of its pendency. While pending, no interest can be acquired by third persons in the subject of the action, as against the plaintiff's title.

The purpose of the doctrine has been described as a device to preserve the status quo of the interests in the property that is the subject of the litigation until the court renders a final adjudication of the issues arising from that property. *Katz v. Banning*, 84 Ohio App.3d 543, 549, 617 N.E.2d 729, 733 (Ohio Ct.App.1992). To this end, the lis pendens doctrine applies regardless of whether a third party has notice of the lawsuit. Thus, the lis pendens doctrine imputes constructive notice to interested parties, and thereby necessarily places the burden upon the purchaser of real property to examine the county records to determine whether a lawsuit is pending. As explained by the Supreme Court of Ohio:

> The general rule is that one not a party to a suit is not affected by the judgment. The exception is that one who acquires an interest in property which is at that time involved in litigation in a court having jurisdiction of the subject-matter and of the person of the one from whom the interests are acquired, from a party to the proceeding, takes subject to the judgment or decree, and is as conclusively bound by the result of the litigation as if he had been a party thereto from the outset. This is so irrespective of whether he has been made a party to the proceeding, or had actual notice of the pendency of the proceeding, and even where there was no possibility of his having had notice of the pendency of the litigation. It is immaterial that a purchaser was a bona fide purchaser and for a valuable consideration. While there is no doubt whether lis pendens has the effect of constructive notice, it is almost universally held that strictly speaking the doctrine of lis pendens is not founded upon notice but upon reasons of public policy founded upon necessity.

*Cook v. Mozer*, 108 Ohio St. 30, 36–37, 140 N.E. 590, 592 (Ohio St.1923).

■■■ In order for the doctrine of lis pendens to apply, the Supreme Court, in *Cook v. Mozer*, held that three elements must be present: (1) the property must be of a character to be subject to the rule; (2) the court must have jurisdiction both of the person and the res; and (3) the property or res involved must be sufficiently described in the pleadings. *Id.* at 37, 140 N.E. at 592. In addition, with regards to the latter requirement, it is well established that the property described in the pleadings must be at the very essence of the controversy between the litigants.

*Katz v. Banning,* 84 Ohio App.3d 543, 548, 617 N.E.2d 729, 733 (Ohio Ct.App.1992). Thus, the mere fact that the property in question could be used as a source to satisfy a judgment in the litigation is an insufficient basis for applying the doctrine of lis pendens. *Levin v. George Fraam & Sons, Inc.,* 65 Ohio App.3d 841, 846, 585 N.E.2d 527, 530 (Ohio Ct.App.1990). However, once the doctrine is found to be applicable, it applies from the time the summons has been served or publication made, and lasts until the time the case is no longer pending. In this respect, it has been held that a case is pending up until the time a sheriff's sale of the property is consummated. *Martin, Rochford & Durr v. Lawyer's Title Ins. Corp.* (1993), 86 Ohio App.3d 20, 22, 619 N.E.2d 1130, 1131.

■ In this case, after considering the facts presented to the Court, it is clear that the doctrine of lis pendens is applicable. In particular, it is apparent that the above three elements enumerated by the Supreme Court of Ohio are satisfied. In particular, the Court observes that, (1) the property involved in this case is real property,[4] (2) there is no dispute that the Lucas County Court of Common Pleas had jurisdiction over the Debtors' and their property, and (3) the evidence presented in this case shows that contained in Mr. Neighbor's complaint of foreclosure was a sufficiently detailed legal description of the Debtors' property to put third parties on notice that Mr. Neighbor was claiming an interest in the Debtors' property. *Allen–Baker v. Shiffler,* 99 Ohio Misc.2d 49, 54–55, 715 N.E.2d 1185, 1189 (Ct.Com.Pl. 1998). Furthermore, with regards to the foreclosure action itself, it is very clear that such an action may be characterized as the type of action in which the property itself constitutes the very essence of the controversy between the litigants. *See, e.g., Id.; Avco Fin. Serv. Loan, Inc. v. Hale,* 36 Ohio App.3d 65, 67, 520 N.E.2d 1378, 1380 (Ohio Ct.App.1987). Consequently, with the doctrine of lis pendens applicable in this case, the Conti Mortgage Company, having recorded its interest in the Debtors' property well after Mr. Neighbor brought his action of foreclosure, takes its interest in the Debtors' property subject to Mr. Neighbor's foreclosure action. As a result, since the assignment of a mortgage is required to be recorded, (see discussion, supra, concerning O.R.C. § 5301.25), it is the conclusion of this Court that Mr. Neighbor's judgment lien must be satisfied ahead of the mortgage interest held against the Debtors' residence by the Conti Mortgage Company. In this respect, however, it should be noted that the lis pendens doctrine does not operate in this case to eliminate the mortgage interest held by the Conti Mortgage Company, nor does the doctrine affect the Conti Mortgage Company's rights in their mortgage vis-a-vis other parties with an interest in the Debtors' property. This is because, as previously stated, the doctrine of lis pendens only protects a plaintiff's right in property that is subject to pending litigation as against third persons who attempt to gain an interest in the property subject to the pending litigation. Furthermore, the doctrine does not extend to those interests which existed before the commencement of the suit. *See* 62 Ohio Jur.3d *Lis Pendens* § 20.

In summary, the Court holds that the mortgage held by the Conti Mortgage Company against the Debtors' residence, having been recorded in accordance with Ohio law, constitutes a valid mortgage. However, as the original mortgage held by the Decision One Mortgage Company

---

4. Although not actually limited to real property, the lis pendens doctrine clearly applies to real property. *See, e.g., Benton v. Shafer,* 47 Ohio St. 117, 128, 24 N.E. 197 (1890).

against the Debtors' residence was avoided by the state court judgment of foreclosure, and considering that the mortgage interest of the Conti Mortgage Company was not recorded until after Mr. Neighbor brought his action of foreclosure against the Debtors' property, the mortgage interest of the Conti Mortgage Company does not take priority over Mr. Neighbor's judgment lien. As a result, Mr. Neighbors' lien against the Debtors' residence does not impair the Debtors' exemption within the meaning of 11 U.S.C. § 522(f), are therefore Mr. Neighbors' lien may not be avoided thereunder. In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

Accordingly, it is

**ORDERED** that Motion of the Debtors, Joseph Ochmanek and Laurie Ochmanek, to Avoid the Judgment Lien of John Neighbor pursuant to 11 U.S.C. § 522(f), be, and is hereby, DENIED.