OPINION
Conseco Finance Servicing Corporation ("Conseco") appeals from a judgment of the Montgomery County Court of Common Pleas, which overruled Conseco's motion to set aside the sale of property of which it claimed to be a lienholder.
This case was instituted on July 7, 1999, when the Treasurer of Montgomery County, Hugh M. Quill ("Quill"), filed a Complaint for Foreclosure of Delinquent Real Estate Taxes involving a property owned by Marcus and Pamela Maddox ("the Maddoxes"). Also named as defendants were Option One Mortgage Corporation ("Option One") and Lenders M.D., Inc. ("Lenders"), both of which held a mortgage on the property, and Chapel Electric Company ("Chapel") and Wolohan Lumber Company ("Wolohan"), both of which had an interest in the property pursuant to judgments obtained against the Maddoxes. Neither Option One nor Lenders answered the complaint or defended their interest. Chapel and Wolohan both filed answers.
A title search done on August 18, 1999 revealed no interests in the property other than those discussed above and included in the complaint. An Agreed Judgment Entry of Foreclosure and Redemption of Land was filed on December 22, 1999, detailing a plan for the Maddoxes to pay their delinquent taxes. That agreed judgment stated that the interests of Option One and Lenders were foreclosed. The Maddoxes failed to meet their obligations under the agreed judgment, and the court ordered that the land be sold. The sale took place on June 14, 2001, and Majema, Inc. placed the winning bid.
On October 2, 2000, between the agreed judgment and the sale, Conseco purchased Lenders' mortgage on the property. Following the sale, on July 19, 2001, Conseco filed a motion to set aside the sale. Quill, Chapel, and Wolohan all responded, arguing that Conseco had not put forth any evidence of an interest in the property. On August 27, 2001, Conseco filed a supplemental reply, attaching a copy of the assignment of mortgage from Lenders to Conseco. On August 28, 2001, the trial court issued its decision, concluding that Conseco had failed to establish that it had an interest in the property and therefore failed to meet one of the requirements of a motion under Civ.R. 60(B). The sale was confirmed on October 19, 2001.
Conseco appeals, raising three assignments of error.
 I. THE COURT ERRED IN FINDING THAT THE APPELLANT DID NOT HAVE AN INTEREST IN AND TO SAID PREMISES.
 THE LOWER COURT ERRED IN RULING THAT OHIO REVISED CODE RULE 60(B) APPLIES TO LIENHOLDERS SEEKING TO SET ASIDE AND REDEEM PROPERTY SOLD THROUGH A TAX FORECLOSURE.
 THE COURT ERRED IN DENYING THE APPELLANT THE RIGHT TO REDEEM THE PROPERTY PURSUANT TO SECTION 5721.181.
Because Conseco's assignments of error are all related, we will discuss them together.
Conseco argues that, as a lienholder on the property, it had a right to redeem the property at any time before the sale was confirmed under R.C.5721.181 and that the trial court erred in not permitting it to do so. Incidentally, Conseco did not make this argument in its motion to set aside the sale, nor did it cite to R.C. 5721.181 or any other authority to support its motion to set aside the sale. The trial court treated the motion as one made under Civ.R. 60(B) for relief from judgment, which requires that "the movant must demonstrate: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time * * *." GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, 150, 351 N.E.2d 113. The trial court concluded that Conseco had failed to demonstrate that it had a meritorious claim because it had failed to establish that it had an interest in the property.
Conseco argues that the trial court erred in concluding that it had failed to establish that it had an interest in the property because it submitted the assignment of mortgage from Lenders to it. However, Lenders' interest was foreclosed by the trial court on December 22, 1999, long before Lenders assigned its interest to Conseco. Under the doctrine of lis pendens, Conseco acquired no more interest than Lenders held. See Martin, Rochford Durr v. Lawyer's Title Ins. Corp. (1993),86 Ohio App.3d 20, 22, 619 N.E.2d 1130; R.C. 2703.26. Lenders' interest had been foreclosed, a fact that was a matter of public record and could have been determined by Conseco. Therefore, the trial court did not err in concluding that Conseco did not have an interest in the property.
Conseco further argues that the trial court erred in treating its motion as one under Civ.R. 60(B). As noted above, Conseco cited to no authority to support its motion to set aside the sale. In later pleadings, Conseco itself characterized the motion as one made pursuant to Civ.R. 60(B). It now argues that its motion was not a Civ.R. 60(B) motion but a request to redeem under R.C. 5721.181. For the sake of argument, we will consider Conseco's rights under this statute.
R.C. 5721.181, titled "Forms to Be Utilized for In Rem Proceedings," provides the form for actions brought under R.C. 5721.18(B). Conseco relies on the following language from this statute:
 At any time prior to the filing of an entry of confirmation of sale, any owner or lienholder of, or other person with an interest in, a parcel listed in the complaint may redeem the parcel by tendering to the treasurer the amount of the taxes, assessments, charges, penalties, and interest due and unpaid on the parcel, together with all costs incurred in the proceeding instituted against the parcel under section 5721.18 of the Revised Code.
However, this statute is not applicable to the instant proceeding. By its terms, it applies only to actions brought under R.C. 5721.18(B), which governs in rem actions, or actions brought against the property itself. R.C. 5721.181 notes that "[s]uch action is brought against the real property only." Thus, the form of caption set forth in R.C. 5721.181
provides that the defendant in such an action shall be "[p]arcels of land encumbered with delinquent tax liens." The case sub judice is not brought against the real property at all, but against the Maddoxes and others with an interest in the property. Therefore, R.C. 5721.181 does not apply to this case. Even if it did, we would be reluctant to conclude that Conseco was a person with an interest in the property since its interest, received from Lenders, had been foreclosed.
Therefore, Conseco had no right to redeem the property under R.C.5721.181. Although this would be the case regardless of what framework the trial court implemented, we also conclude that the trial court did not err in analyzing Conseco's motion under Civ.R. 60(B) and in concluding that Conseco had not established that it had a meritorious claim.
Conseco's assignments of error are overruled.
The judgment of the trial court will be affirmed.
FAIN, J. and YOUNG, J., concur.